# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Barry Davis, | Civil Action No.: 2:21-cv-3885-MBS |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| United States of America, | |
| Defendant. | |

This matter comes before the court on Defendant United States of America's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1). ECF No. 9. For the reasons explained below, the Motion is granted.

## BACKGROUND

Plaintiff Barry Davis initiated this action on July 26, 2021, by filing a complaint in state court against Fetter Health Care Network, Inc. also d/b/a John's Island Health Center, Crystal Menick, FNP, and John's Island Health Center (collectively, "Fetter Health Care"). ECF No. 1-1. The complaint asserts claims for medical malpractice and negligence arising from allegations that Fetter Health Care failed to properly evaluate Plaintiff and diagnose him with appendicitis. The United States removed the case to this court pursuant to 28 U.S.C. §§ 1346(a)(2) and §1442(a)(1) on the basis that Fetter Health Care as defined herein is an agency of the United States for the purpose of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674.

Following removal of this action, the United States filed a motion to substitute party pursuant to 28 U.S.C. § 2679(d)(2),[1] which motion Plaintiff opposed based on the contention that

---

[1] This subsection provides: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out

discovery was necessary to determine if the United States was a proper defendant. The United States filed a reply, asserting that discovery was not appropriate considering that the Attorney General, by and through the United States Attorney for the District of South Carolina, had certified that Fetter Health Care was acting within the scope of employment at the time of the incident, all in accordance with 28 U.S.C. § 2679(d)(2), 42 U.S.C. § 233(c), and 28 C.F.R. § 15.4. ECF Nos. 3, 5, 7, 7-1. The court granted the motion to substitute and replaced Fetter Heath Care with the United States (hereinafter, the "Government") as the sole Defendant. ECF No. 8.

The Government then filed the pending Motion to Dismiss for lack of subject matter jurisdiction on the basis that the action is time barred under the FTCA. ECF No. 9. Plaintiff filed a response in opposition, ECF No. 14, to which the Government filed a reply, ECF No. 15.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a cause of action based on lack of subject matter jurisdiction. "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). An assertion of governmental immunity is properly addressed

---

of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."

2

under the provisions of Rule 12(b)(1). *Smith v. Washington Metropolitan Area Transit Authority*, 290 F.3d 201, 205 (4th Cir. 2002). Where the Government challenges jurisdiction under Rule 12(b)(1), "the plaintiff bears the burden of persuasion and the court is free to consider exhibits outside the pleadings to resolve factual disputes concerning jurisdiction." *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). *Accord Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004) ("Generally, when a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment").

## DISCUSSION

The United States is generally entitled to sovereign immunity from suit. However, the FTCA grants subject matter jurisdiction to federal courts over claims against the United States seeking money damages for personal injury caused by the negligence of federal employees while acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). The FTCA renders the United States liable for the torts of its employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The FTCA provides that a tort claim against the United States "shall be forever barred" unless it is presented to the "appropriate Federal agency within two years after such claim accrues" and then brought to federal court "within six months" after the agency acts on the claim. 28 U.S.C. § 2401(b). *United States v. Wong*, 575 U.S. 402, 405 (2015). The plaintiff may file a civil action against the United States only if the agency has denied the claim. 28 U.S.C. § 2675(a). For purposes of the FTCA, a claim accrues in a medical malpractice case when the plaintiff becomes aware of, or would have become aware through the exercise of due diligence, the existence of injury and of its cause. *Kerstetter v.*

3

*United States*, 57 F.3d 362, 364 (4th Cir. 1995) (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979) and *Gould v. U.S. Dep't of Health and Human Servs.*, 905 F. 2d 738, 742 (4th Cir. 1990)).

The Government asserts the lawsuit should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to present his tort claim in writing to the appropriate Federal agency within two years after its accrual. ECF No. 9-1 at 2. The Government asserts without dispute that the cause of Plaintiff's injury occurred on March 16, 2017. *Id.* at 7. The Government further asserts through the submission of a declaration signed by a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services, that as of October 21, 2021, Plaintiff had not filed an administrative tort claim with respect to Fetter Health Care Network, Inc., its approved delivery sites, or its employees or qualified contractors. ECF No. 9-2 at ¶¶ 3-5.

Plaintiff appears to concede that he has not complied with §§ 2401(b) and 2675(a) but argues that a deprivation of due process of law would result from the court dismissing this lawsuit for lack of subject matter jurisdiction. ECF No. 14. Plaintiff asserts that "Fetter Health Care Network, Inc. and John's Island Health Center failed to notify [him] and the general public of the claimed applicability of the FTCA to any tort claim against them"; and that "Fetter Health Care Network, Inc., has on file with the South Carolina Secretary of State a registered agent other than the United States Attorney." *Id.* at 1. Plaintiff further asserts that "[e]ven the service of a Notice of Intent to File Suit did not result in Fetter Health Care Network, Inc., John's Island Health Center, or Crystal Menick, disclosing their claim that the FTCA is applicable to them," and that "[o]nly when Fetter Health Care Network, Inc., was served with a Motion to Compel Mediation (shortly before a scheduled hearing) did it finally report the matter to DHHS, and only then was the Plaintiff notified through an e-mail and letter from DHHS of the claim that the FTCA is applicable." *Id.* at

4

2. Plaintiff asks the court to grant him leave "to file a claim under the Federal Tort Claims Act with a finding that the conduct of Fetter Health Care Network, Inc., and John's Island Health Center bars the assertion of the statute of limitations (for a reasonable time)." *Id.* at 3. Plaintiff asks in the alternative that the court "rule that the issue is unresolved, so that the Plaintiff can contest the issue at another time"; or "rule that the conduct of Fetter Health Care Network, Inc., and John's Island Health Center is such that the substitution of parties be rescinded and this action remanded to the State Court." *Id.* at 3-4. Plaintiff also proposes that the court permit him to "conduct discovery on the issue of the conduct of Fetter Health Care Network, Inc., and John's Island Health Center." *Id.* at 4.

The Government asserts on reply that Plaintiff's medical records demonstrate that he was timely informed of "the federal relationship between his providers" and of the FTCA, and for support attaches a redacted single-page excerpt of Plaintiff's records. ECF Nos. 15, 15-1 ("I have received a copy of the Fetter HeathCare Network, Inc. 'Notice of Patients,' (FTCA) which explains health centers are considered Federal employees and are immune from lawsuits, with the Federal government acting as their primary insurer"). The excerpt reflects that Plaintiff electronically signed the Notice on March 14, 2018.

The deadlines set forth in § 2401(b) are subject to equitable tolling under certain circumstances. *See Wong*, 575 U.S. at 412. However, plaintiffs are entitled to equitable tolling "only if they show that they have pursued their rights diligently <u>and</u> extraordinary circumstances prevented them from filing on time." *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016) (explaining that equitable tolling is reserved for "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result") (emphasis in original) (quoting *Harris v.*

5

*Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Plaintiff has not offered any factual background underpinning this case that would support such a high standard. Furthermore, considering the undisputed record reflects that Plaintiff was or should have been aware as of March 2018 that the FTCA governed any claim for medical negligence against Fetter Heath Care Network, Inc., he has not shown that he is entitled to conduct discovery designed to build an equitable tolling defense. There is no factual dispute regarding the court's lack of subject matter jurisdiction and therefore the court finds that it can rule on the Government's motion without converting it into a motion for summary judgment and without holding an evidentiary hearing. *Cf. Kerns v. United States*, 585 F.3d 187, 192-93 (4th Cir. 2009) (holding that the court should have allowed discovery and set an evidentiary hearing where the jurisdictional facts were intertwined with the facts central to the merits of the dispute). *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390, 402–03 (4th Cir. 2003) (explaining the court is within its discretion to deny jurisdictional discovery where the requesting party offers no more than speculation and conclusory assertions to establish the need for such discovery).

As to Plaintiff's other requests aimed at avoiding the statutory deadlines, the filing of a state court action does not provide sufficient notice to the federal agency and likewise does not satisfy the requirement of filing an administrative claim. *Henderson v. United States*, 785 F.2d 121, 124 (4th Cir. 1986). Similarly, initiating an action consistent with state law does not satisfy the requirement of filing an administrative claim. *See Raplee*, 842 F.3d at 332-33. Additionally, the court acts without discretion under § 2679(d)(2) and must accept the United States as a substitute party upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose. 28 U.S.C. § 2679(d)(2) (stating that "[s]uch action or proceeding shall be deemed to be an

action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant"). Plaintiff does not cite the court to any authority on which the undersigned might find otherwise. Regrettably for Plaintiff, the law provides for no other outcome than a finding that this action is untimely.

For the reasons stated, the court grants the motion to dismiss. ECF No. 9. The complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

March 29, 2022
Charleston, South Carolina